Arevalo-Callejas v. Whitaker

BIA
Straus, IJ
A094 829 807

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand eighteen.

PRESENT:
>           DENNIS JACOBS,
>           PIERRE N. LEVAL,
>           RICHARD C. WESLEY,
>                *Circuit Judges.*

_____

LUDWIN ELEAZAR AREVALO-CALLEJAS,
AKA LUDWIN AREVALO,
>           *Petitioner,*

>   v.                                      17-919
>                                           NAC

MATTHEW G. WHITAKER,
ACTING UNITED STATES ATTORNEY
GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:             Daniel A. McLaughlin, Sidley
                            Austin LLP, New York, NY.

FOR RESPONDENT:             Chad A. Readler, Acting Assistant
                            Attorney General; Cindy S.
                            Ferrier, Assistant Director;
                            Brendan P. Hogan, Attorney, Office
                            of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ludwin Eleazar Arevalo-Callejas, a native and citizen of El Salvador, seeks review of a March 23, 2017, decision of the BIA affirming a November 17, 2016, decision of an Immigration Judge ("IJ") denying Arevalo-Callejas's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ludwin Eleazar Arevalo-Callejas,* No. A094 829 807 (B.I.A. Mar. 23, 2017), *aff'g* No. A094 829 807  (Immig. Ct. Hartford Nov. 17, 2016).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA.  *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007).  We review the agency's factual findings for substantial evidence, 8

2

U.S.C. § 1252(b)(4)(B); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281-83 (2d Cir. 2006); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006), and questions of law de novo, *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

## I.  Asylum & Withholding of Removal

For both asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *id.* § 1231(b)(3)(A) (withholding); *see also Matter of C-T-L*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal).  We need not consider whether tattooed individuals who may be perceived as gang members in El Salvador is a cognizable social group; Arevalo-Callejas did not demonstrate that he would be targeted for harm on account of his membership in such a group.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Arevalo-Callejas alleged that he would be mistaken for a gang member. But his tattoos are not gang related; he lacks

3

personal knowledge because he left El Salvador as a child; and he did not provide any country conditions evidence to establish that his fear is well-founded. Neither the country reports considered by the IJ nor the evidence Arevalo-Callejas submitted on appeal state that individuals with non-gang-related tattoos are perceived as gang members or targeted by either the police or gangs.* Although some of the articles discuss indiscriminate arrests and violence by the police against suspected gang members and that current and former gang members may be identified by gang tattoos, these articles do not discuss the significance of non-gang tattoos. The country reports confirm that there are rampant levels of gang violence against many sectors of the Salvadoran population, but these "general crime

---

* The BIA did not err in declining to consider the evidence Arevalo-Callejas submitted for the first time on appeal because he did not move to remand as required by regulation. 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand"); *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984) (recognizing that, as an appellate body, the BIA may decline to review evidence proffered for the first time on appeal). Additionally, as discussed herein, the evidence Arevalo-Callejas submitted would not change the outcome of his case. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008)

conditions" do not constitute persecution on account of a protected ground. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' . . . .").

Given the lack of evidence that Arevalo would be targeted or harmed on account of his tattoos, substantial evidence supports the agency's denial of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Because the burden finding is dispositive of asylum, we need not reach the IJ's alternative bases for denying that form of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**II. CAT Relief**

There is no nexus requirement for CAT relief. "[T]he CAT expressly prohibits the United States from returning

5

any person to a country in which it is more likely than not that he or she would be in danger of being subjected to torture." *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004) (quotation marks omitted). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Acquiescence, in turn, "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7); *see Khouzam*, 361 F.3d at 170-71.

Arevalo-Callejas had the burden of demonstrating a likelihood of torture in his particular circumstances, and his failure to present any evidence that he would be targeted for his tattoos or for any other reason (aside from the generally violent country conditions) precludes CAT relief. *See* 8 C.F.R. § 1208.18(a)(1); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (alien must show

a likelihood of torture in "his particular alleged circumstances").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.  The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court